IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RALPH WILLIAM BAILEY, JR.,

    **Plaintiff,**

**vs.**                               **CIVIL ACTION NO. 5:22-CV-00023**

**MICHAEL COCHRAN, *ET AL.*,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on January 11, 2022. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Amended Complaint (ECF No. 5)[1], the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

### Plaintiff's Allegations

In his Amended Complaint, filed on February 11, 2022, Plaintiff does not indicate any basis for this Court's jurisdiction, but does assert that he has a pending lawsuit in Wyoming County against one of the named defendants herein, the Wyoming County Sheriff's Department, in civil

---

[1] Plaintiff filed his initial Complaint on January 11, 2022 (ECF No. 2), however, after having reviewed same, the undersigned concluded that Plaintiff failed to provide sufficient facts supporting a claim of relief and directed Plaintiff to submit an Amended Complaint to cure this deficiency (ECF No. 4), accordingly, the undersigned focuses on Plaintiff's Amended Complaint in this Proposed Findings and Recommendation.

[2] Because Plaintiff is proceeding *pro se*, the documents he has filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

action number 21-C-73, and that it was filed on July 23, 2021. (Id. at 2)  However, Plaintiff does not specify what the pending state action concerns. In this case, Plaintiff names the following as Defendants in this action: Jim Justice, Governor; Michael Cochran[3]; the Wyoming County Sheriff's [Department]; and the West Virginia Division of Motor Vehicles. (Id. at 1, 4)

Plaintiff asks this Court to "look at what Michael Cochran, Jim Justice and there [sic] army have done to my driving career[.]" (Id. at 7) Plaintiff appears to allege that he worked for Defendant Justice in early 2000 and that he lost his job due to a failed drug test. (Id.) Plaintiff indicates that some equipment was burned that belonged to Defendant Justice for which Plaintiff was the "number one suspect" in the FBI's investigation into same. (Id.) Plaintiff then asserts "01-09-2018 Mr. Cochran [] the State of West Virginia charged me with grand larceny penalties." (Id.) Plaintiff then asks that Todd Houch[4] be removed from his case and "has had a big hand in destroying my life." (Id.)

Plaintiff alleges that Defendant Cochran "had my WV driving license flag[g]ed every time I made a move they knew it and would go and put my license out of service with the help of there [sic] frind [sic] at WV DMV named Kim[.]" (Id. at 8) Plaintiff also alleges that "3-18-19 Wyoming County Sheriff's Dep[u]ty Logan Cook charged me with DWI saying I had drugs in my system" that Plaintiff states drug screens show that he did not, but "my own attorney alone with Mr. Cochran would not look at my drug screen." (Id.)

Plaintiff alleges that "Jim Justice, Michael Cochran, Todd Houch, Wyoming County Sheriff's Office's" caused him to be unemployed for four years, and to have "missed the most

---

[3] In his original Complaint, Plaintiff indicates that Michael Cochran is a judge. It is noted that Plaintiff misspells the judge's name, which is actually Micheal M. Cochrane, and is the sitting judge for the Circuit Court of Wyoming County, West Virginia.

[4] The undersigned presumes Plaintiff has Todd Houck, Esq. as his lawyer in the criminal matters that were filed against him.

importest [*sic*] years of my daughter's life" and that he "lost my marriage of 28 years[.]" (Id.)

Plaintiff wonders why he is unable to get a court date or hearing in the state civil action he filed.

(Id.) Plaintiff asks this Court to "look at what has happened to my commercial driving license in

the past couple years" and complains he has been treated unfairly in Wyoming County since Judge

Warren McGraw retired. (Id. at 9) Plaintiff also indicates that he wants legal counsel for this case.

(Id.)

### The Standard of Review

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and

costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See

Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*,

Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must

recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim

upon which relief can be granted. A "frivolous" complaint is one which is based upon an

indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim

lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."

Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or

delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon

which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se*

Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should

allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d

603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially

viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[5], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## Discussion

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d

---

[5] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[6]

As noted *supra*, Plaintiff alleges no basis for this Court's jurisdiction, but instead asserts the Defendants had his commercial driver's license taken away, ostensibly for failed drug screens, costing him his business, and that there is a state civil proceeding pending in Wyoming County. Section 1332 requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute

---

[6] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W. Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (D.C.W. Va. 1983). Plaintiff states that he is a resident of West Virginia. While Plaintiff does not mention the residencies of each Defendant named herein, however, the most liberal construction of his Amended Complaint suggests that each Defendant is a resident of West Virginia. Accordingly, this Court would be deprived of jurisdiction under Section 1332.

Construing the Complaint liberally, the Court can consider Plaintiff's Complaint as an attempt to proceed under Section 1331 as he appears to contend a species of denial of due process because he lost his commercial driver's license through a state criminal proceeding in Wyoming County that occurred over four years ago, or at minimum, nearly three years ago. Nevertheless, the undersigned finds that Plaintiff does not allege any constitutional violation that would trigger this Court's jurisdiction under Section 1331.

As noted *supra*, in keeping with his practice to offer a *pro se* plaintiff an opportunity to file an amended complaint when an initial complaint fails to state any cognizable claim for relief, the undersigned directed Plaintiff to file an amended complaint and he has taken advantage of that opportunity. However, Plaintiff has submitted similar allegations set forth in his initial complaint that are so detached from reality that there is no conceivable way that he will be able to cure the amended complaint's deficiencies even if permitted another chance to do so. Moreover, despite having been given a chance to amend his Complaint, Plaintiff nevertheless failed to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's Amended Complaint does not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing entitlement to relief. After having liberally reviewed Plaintiff's Amended Complaint, the undersigned finds he is suing the Governor of West Virginia, the Wyoming County Circuit Court Judge, (who was likely acting as the Wyoming County Prosecuting Attorney at the time Plaintiff's criminal proceedings were initiated given the fact that this Defendant was not appointed to the bench until July 27, 2021)[7], the Wyoming County Sheriff's Department, and the West Virginia DMV – all for matters that appear to stem from state criminal proceedings from nearly three or four years ago resulting in the loss of his commercial driver's license.

Plaintiff fails to explain how or why these Defendants charged him with grand larceny and driving under the influence offense, or whether he was convicted, acquitted, or if the offenses were dismissed; he also fails to explain how certain Defendants caused him to remain unemployed, divorced, or deprived him from the "most import[ant] years" of his daughter's life. In short, Plaintiff only provides "naked assertion[s]" which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state

---

[7] See, https://govenor.wv.gov/documents/2021appointments/appointment-letter-micheal-m-cochrane.pdf

a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

To the extent Plaintiff is attempting to allege a due process claim under the Fourteenth Amendment, Plaintiff has failed to assert a plausible claim.[8] Plaintiff states that he has filed an action in Wyoming County against the Wyoming County Sheriff's Office. He alleged that a Wyoming County Sheriff's deputy charged him with "DWI" and has indicated that this is related to the loss of his commercial driver's license. To assert a plausible due process claim, a plaintiff must show that his deprivation was not "amenable to 'rectification by . . . post-deprivation state remedies.'" Mora v. The City of Gaithersburg, MD, 519 F.3d 216, 231 (4th Cir. 2008); also see Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."). Since Plaintiff has taken some steps to assert a claim in state court concerning the alleged taking of his commercial driver's license, the undersigned finds that Plaintiff has failed to state a plausible due process claim for this Court to hear. Of importance, the undersigned notes that there is no allegation or indication that existing state remedies are inadequate – the mere fact that the state court has not scheduled a court date or hearing in that action, or the fact that Plaintiff *may* be unsuccessful in his state case, does not

---

[8] A driver's license is a property interest protected by the Fourteenth Amendment and may not be taken away without affording a licensee procedural due process. Scott v. Williams, 924 F.2d 56 (4th Cir. 1991); see also, Syl. Pt. 2, Straub v. Reed, 806 S.E.2d 768 (W. Va. 2017) ("A driver's license is a property interest and such interest is entitled to protection under the Due Process Clause of the West Virginia Constitution." Syl. Pt. 1, Abshire v. Cline, 455 S.E.2d 549 (W. Va. 1995)).

establish that Plaintiff's driver's license was taken without due process. Accordingly, the undersigned finds that Plaintiff has failed to state a plausible due process claim.

In any event, the fact that Plaintiff admits these alleged injuries or harms arose three or four years ago, and that he was clearly aware of same, he has failed to bring this suit within the pertinent statute of limitations. Because there is no federally prescribed statute of limitation, federal courts look to and apply their respective state's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury claim is two years from the time the cause of action accrued. See W. Va. Code § 55-2-12(c).[9] Although the limitation period is borrowed from state law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996) (citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62

---

[9] West Virginia Code § 55-2-12 provides as follows:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.' " <u>Nasim</u>, 64 F.3d at 955 (quoting <u>Childers Oil Co., Inc. v. Exxon Corp.</u>, 960 F.2d 1265, 1272 (4th Cir. 1992)).

As noted *supra*, Plaintiff has alleged that he has been unemployed for four years, and has indicated that he was charged with grand larceny over four years before he filed this civil action; he alleged that he was charged with a driving under the influence type offense nearly three years prior to filing this suit – accordingly, his claim should be dismissed due to the expiration of the statute of limitations.

<u>**PROPOSAL AND RECOMMENDATION**</u>

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), **DISMISS** Plaintiff's Complaint and Amended Complaint (ECF Nos. 2, 5) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: February 22, 2022.



Omar J. Aboulhosn
United States Magistrate Judge